# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JEFFREY CRITTENDON,** | : | |
| Petitioner | : | |
| | : | No. 1:19-cv-669 |
| v. | : | |
| | : | (Judge Rambo) |
| **WARDEN WHITE,** | : | |
| Respondent | : | |

## MEMORANDUM

**I. BACKGROUND**

On April 18, 2019, the Court received a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1) from *pro se* Petitioner Jeffrey Crittendon ("Crittendon"), who is currently incarcerated at the Federal Correctional Institution Allenwood in White Deer, Pennsylvania ("FCI Allenwood"). Crittendon paid the requisite $5.00 filing fee on April 24, 2019. On April 25, 2019, he filed a motion for leave to proceed *in forma pauperis*. (Doc. No. 4.)

In 2000, the Honorable Raymond A. Jackson of the United States District Court for the Eastern District of Virginia sentenced Crittendon to 168 months of incarceration for assault with a dangerous weapon and aggravated sexual abuse. *See United States v. Crittendon*, No. 4:99-cr-51 (E.D. Va.). On February 2, 2017, Judge Jackson revoked Crittendon's supervised release and sentenced him to thirty-seven (37) months of incarceration. *Id.* According to the Bureau of Prisons ("BOP")'s

inmate locator service, Crittendon is currently scheduled to be released from custody on September 3, 2019.

In his § 2241 Petition, Crittendon asserts that he is entitled to immediate recalculation of his good-time credit in light of the First Step Act of 2018, Pub. L. 115-391, signed into law on December 21, 2018. (Doc. No. 1 at 2.) He further argues that if the good-time credit provisions of the First Step Act are not construed to be immediately effective, violations of due process and equal protection would result. (*Id.* at 10.) Crittendon argues that the Court should grant him interim conditional release, and asserts that "[t]here is no requirement that [he] exhaust administrative remedies within the BOP before seeking relief from this Court." (*Id.* at 12-13.)

For the following reasons, the Court will deny as moot Crittendon's motion for leave to proceed *in forma pauperis* (Doc. No. 4) given his payment of the $5.00 filing fee. The Court will also dismiss Crittendon's § 2241 Petition without prejudice.

## II. DISCUSSION

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (2004). The provisions of Rule 4 are applicable to § 2241 petitions under Rule 1(b). *See, e.g., Patton v. Fenton*, 491 F. Supp. 156, 158-59

(M.D. Pa. 1979). Rule 4 provides in pertinent part that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Section 102(b)(1) of the First Step Act amended 18 U.S.C. § 3624(b) and therefore altered the availability of good-time credit for federal inmates. Specifically, it increased the maximum allowable good-time credit from 47 days to 54 days per year, and directed the BOP to calculate good-time credit from the beginning of the year rather than the end. However, these provisions do not take effect until the Attorney General completes the "risk and needs assessment system," which must be completed within 210 days after December 21, 2018, as provided by sections 101(a) and 102(b)(2) of the First Step Act. *See Schmutzler v. Quintana*, No. 5:19-046-DCR, 2019 WL 727794, at *2 (E.D. Ky. Feb. 20, 2019). Thus, section 102(b)(1) "will not take effect until approximately mid-July 2019." *Christopher v. Wilson*, No. 4:19-cv-214-O, 2019 WL 1745968, at *1 (N.D. Tex. Apr. 18, 2019). Accordingly, Crittendon's argument that he is entitled to immediate relief lacks merit, and his request for a recalculation of his good-time credit based upon the amendments is premature. *See Schmutzler*, 2019 WL 727794, at *2 (summarily dismissing § 2241 petition based on delayed effective date of the First Step Act as premature and because petitioner failed to exhaust administrative remedies); *see also*

*Brown v. Warden of FCI Williamsburg*, No. 8:19-cv-00546-HMH-JDA, 2019 WL 1780747, at *6-7 (D.S.C. Mar. 25, 2019); *Rizzolo v. Puentes*, No. 1:19-cv-00290-SKO-HC, 2019 WL 1229772, at *3 (E.D. Cal. Mar. 15, 2019) (same); *Sheppard v. Quintana*, No. 5:19-cv-084-DCR, 2019 WL 1103391, at *2 (E.D. Ky. Mar. 8, 2019) (same); *Sennett v. Quintana*, No. 5:19-cv-085-JMH, 2019 WL 1085173, at *2 (E.D. Ky. Mar. 7, 2019) (same).

Crittendon's argument that delayed implementation of the First Step Act's good-time credit provisions violates due process and equal protection also lack merit. As the United States District Court for the Eastern District of New York has stated,

> [t]he law is clear that inmates are not a suspect class. As to the question of fundamental rights, the good time credit statute merely authorizes the BOP to offer prisoners the benefit of a reduced sentence in exchange for good behavior. *See* 18 U.S.C. § 3624(b). It therefore does not implicate any fundamental right implicitly or explicitly guaranteed by the Constitution. The BOP's policy of calculating good time credits is therefore subject only to rational basis review.

*Perez v. Zenk*, No. 04-CV-5069 (CBA), 2005 WL 990696, at *4 (E.D.N.Y. Apr. 11, 2005); *see Molina v. Underwood*, No. 3:19-cv-641-K-BN, 2019 WL 1533444, at *2 (N.D. Tex. Mar. 19, 2019) (summary dismissing § 2241 petition seeking immediate recalculation of good-time credit under the First Step Act and rejecting equal protection and due process claims).

Finally, Crittendon explicitly states that "[t]here is no requirement that [he] exhaust administrative remedies within the BOP before seeking relief from this Court." (Doc. No. 1 at 13.) While § 2241 does not contain an explicit statutory exhaustion requirement, the United States Court of Appeals for the Third Circuit has consistently required a petitioner to exhaust his administrative remedies before filing a § 2241 petition. *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion is required "for three reasons: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." *Id.* at 761-62 (citing *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981)). Exhaustion, however, is not required when it would not promote these goals, such as when exhaustion would be futile. *See, e.g.*, *Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998).

Crittendon argues that exhaustion is futile because the BOP is notifying prisoners that the good-time credit provisions in the First Step Act are not effective immediately. (Doc. No. 1 at 13-14.) He asserts that without the Court's intervention, he "faces imminent irreparable harm in the form of over-service." (*Id.* at 13.) As discussed above, however, the good-time credit provisions of the First Step Act are not immediately effective. Moreover, once they are in effect, Crittendon will be able

5

to first request the relief he seeks through the BOP's administrative process. Thus, the Court cannot agree that exhaustion is futile for Crittendon.

## III. CONCLUSION

Based on the foregoing, the Court will deny as moot Crittendon's motion for leave to proceed *in forma pauperis* (Doc. No. 4) since he has already paid the requisite $5.00 filing fee. The Court will also dismiss Crittendon's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1) without prejudice. An appropriate Order follows.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated: April 29, 2019